# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABYRINTH, INC., a Maryland corporation,<br><br>Plaintiff,<br><br>v.<br><br>KATHRYN PICKETT, individually and d/b/a PICKETT'S CHARITY SERVICES,<br><br>Defendant. | Case No.: 3:23-cv-02212-WQH-VET<br><br>**ORDER GRANTING ORAL DISCOVERY MOTION** |

Before the Court is Plaintiff's Oral Discovery Motion ("Motion"), made on the record during a Discovery Conference regarding the confidential designation attached to Defendant's October 8, 2024 deposition testimony. *See* Doc. Nos. 40–41. Plaintiff objects to the confidentiality designation attached to certain portions of Defendant's deposition testimony and moves for an order finding that those portions do not constitute confidential information. Based on review of the deposition testimony at issue, and for the reasons stated below, the Court **GRANTS** the Motion.

Case 3:23-cv-02212-WQH-VET   Document 43   Filed 12/21/24   PageID.208   Page 2 of 5

## I. PROCEDURAL BACKGROUND

Plaintiff deposed Defendant on October 8, 2024. Pursuant to the Court's Protective Order, *see* Doc. No. 13, Defendant's prior legal counsel designated as "CONFIDENTIAL" the entirety of Defendant's deposition testimony. On December 6, 2024, the parties contacted the Court concerning a challenge by Plaintiff to certain aspects of this confidential designation. Doc. No. 39. The Court held a Discovery Conference on this issue on December 10, 2024. Doc. No. 40.

During the Discovery Conference, Plaintiff formally raised the instant Motion. Plaintiff seeks to include portions of Defendant's deposition in support of a motion for fees and costs associated with the deposition. Citing the Protective Order, Plaintiff contends that the deposition testimony does not disclose or otherwise pertain to confidential information such as business operations. *See* Doc. No. 13 at 4.

The Court provided Defendant, now proceeding *pro se*, multiple opportunities to articulate why the confidentiality designation is appropriate and should not be removed. Defendant explained that she was not comfortable with effectively undoing her prior counsel's actions. Defendant did not provide additional reasoning, despite having the opportunity to do so. The Court also gave Defendant the opportunity to submit briefing, but she declined and instead asked the Court to decide the issue.

Following the Discovery Conference, Plaintiff lodged a copy of Defendant's deposition transcript for *in camera* review, highlighting for the Court the approximately seventeen (17) pages at issue in the instant Motion.

## II. LEGAL STANDARD

"[I]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002). As such, "the public is permitted access to litigation documents and information produced during discovery." *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 423 (9th Cir. 2011) (quoting *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210). However, under Federal Rule of Civil Procedure 26, "[t]he

2

3:23-cv-02212-WQH-VET

court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34 (1984) ("Because of the liberality of pretrial discovery permitted by Rule 26(b)(1), it is necessary for the trial court to have the authority to issue protective orders conferred by Rule 26(c). It is clear from experience that pretrial discovery . . . has a significant potential for abuse."). Thus, "Rule 26(c) authorizes a district court to override this presumption [of access to discovery] where 'good cause' is shown." *Phillips ex rel. Estates of Byrd*, 307 F.3d at 1210.

"While courts generally make a finding of good cause before issuing a protective order, a court need not do so where (as here) the parties stipulate to such an order." *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 417; *see also* Doc. No. 13. Blanket protective orders, such as the protective order in this case, "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003) (quoting *Beckman Indus., Inc.*, 966 F.2d at 475).

When a party challenges a confidentiality designation, the court conducts a two-step analysis. *Harmon v. City of Santa Clara*, 323 F.R.D. 617, 623 (N.D. Cal. 2018); *see also Todd v. Tempur-Sealy Int'l, Inc.*, No. 13-cv-04984, 2015 U.S. Dist. LEXIS 27803, at *6 (N.D. Cal. Mar. 6, 2015). "First, it must determine whether particularized harm will result from disclosure of the information to the public." *Todd*, 2015 U.S. Dist. LEXIS 27803, at *6. The party asserting good cause bears the burden, for each document it seeks to protect, of showing that specific prejudice or harm will result if the designation is removed. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). The party "cannot meet [its] burden with [b]road allegations of harm, unsubstantiated by specific

examples or articulated reasoning." *Harmon*, 323 F.R.D. at 623 (internal quotations omitted).

"Second, if the court concludes that such harm will result from the disclosure of the discovery documents, then it must proceed to balance the public and private interest to decide whether maintaining" the confidentiality designation is appropriate. *Todd*, 2015 U.S. Dist. LEXIS 27803, at *6–7; *see also Phillips ex rel. Estates of Byrd*, 307 F.3d at 1211. This balancing test considers the following factors:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424 ("We have directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)."). "However, these factors are neither mandatory nor exhaustive," and, as such "the district court is best situated to determine what factors are relevant to the dispute." *Harmon*, 323 F.R.D. at 623 (quoting *Glenmede Trust Co.*, 56 F.3d at 483).

"Importantly, in a challenge to a confidentiality designation under a protective order, the burden of proof remains with the party seeking protection." *Id.* (internal quotations omitted) (quoting *In re Roman Catholic Archbishop of Portland*, 661 F.3d at 424); *see also In re Grand Jury Investigation*, 974 F.2d 1068, 1070 (9th Cir. 1992) (person asserting confidentiality has the burden of showing why it applies to given set of documents).

### III.  DISCUSSION

As an initial matter, the Court notes that Defendant fails to carry her burden in demonstrating that the testimony at issue warrants protection. While the Court is sensitive to Defendant's *pro se* status, she made no effort to articulate why the testimony is sensitive,

private, or otherwise confidential despite having multiple opportunities to do so. Instead, she simply relies on her prior legal counsel's designation decision. However, it appears that her prior counsel designated the *entirety* of Defendant's deposition testimony as confidential without undertaking any analysis to determine whether the entirety or just portions thereof required protection.

Moreover, review of the deposition testimony at issue confirms that the testimony does not contain confidential information. The testimony provides details concerning Defendant's search for documents in response to discovery requests, Defendant's document productions, her prior access to Plaintiff's documents, her prior duties while employed by Plaintiff, and the collection of clients' *public* information. There are no discussions or references to any sensitive or private information relating to Defendant or her business. To the extent any testimony relates to business practices, the testimony concerns Plaintiff's business practices. In short, the Court cannot discern any specific prejudice or harm that would result from removing the confidential designation and disclosing the testimony at issue.

## IV.   CONCLUSION

Accordingly, based on a review of the deposition testimony at issue and the record before it, and good cause appearing, the Court **GRANTS** the Motion. The following portions of Defendant's October 8, 2024 deposition testimony (identified by page and line from the deposition transcript) are not confidential and any confidential designation shall be removed: 416:19–420:25; 424:3–426:25; 461:20–479:17.

**IT IS SO ORDERED.**

Dated:  December 21, 2024

Honorable Valerie E. Torres
United States Magistrate Judge