

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABYRINTH, INC., a Maryland corporation, | Case No.:  3:23-cv-02212-WQH-VET |
| Plaintiff, | **ORDER** |
| v. | |
| KATHRYN PICKETT, individually and d/b/a PICKETT'S CHARITY SERVICES, | |
| Defendant. | |

HAYES, Judge:

The matters before the Court are the Corrected Motion for Summary Judgment (ECF No. 72), the Motion Seeking to Withdraw Motion for Summary Judgment Pursuant to Court Order (ECF No. 73), and the Renewed Motion to File Under Seal (ECF No. 74) filed by Plaintiff Labyrinth, Inc.

## I.   BACKGROUND

On December 4, 2023, Plaintiff Labyrinth, Inc. ("Plaintiff" or "Labyrinth") filed a Complaint against Defendant Kathryn Pickett, individually and d/b/a Pickett's Charity Services ("Defendant" or "Pickett"). (ECF No. 1.)

1

On December 15, 2025, Plaintiff filed a Motion for Summary Judgment ("Original MSJ"). (ECF No. 60.) The same day, Plaintiff filed a Motion to File Documents Under Seal ("Original Motion to Seal"). (ECF No. 61.)

On May 12, 2026, the Court issued an Order partially granting the Original MSJ. (ECF No. 71.) The Court granted summary judgment for Plaintiff as to liability on the breach of duty of loyalty claim, declined to grant immediate injunctive relief, and denied summary judgment on all other claims. *Id.* at 28–29.

In the same Order, the Court denied the Original Motion to Seal (ECF No. 61) without prejudice. (ECF No. 71 at 29.) The Court stated that Plaintiff filed the same documents it sought to seal "publicly, in unredacted form, as attachments" to its Original MSJ. *Id.* at 10. The Court gave Plaintiff the option to "(1) re-file the Motion for Summary Judgment with attachments that appropriately redact the material it seeks to seal, (2) file a motion to withdraw the current Motion for Summary Judgment (ECF No. 60), and (3) file a renewed motion to file documents under seal." *Id.* The Court stated that, "[i]f Plaintiff takes these steps, the Court will issue a substantive ruling on the renewed motion to seal." *Id.*

On May 15, 2026, Plaintiff filed the pending Corrected Motion for Summary Judgment ("Corrected MSJ"). (ECF No. 72.) Plaintiff states that the "only change" in the Corrected MSJ as compared to the Original MSJ "is that certain exhibits that were filed unredacted with the Original [MSJ] are now appropriately redacted in line with" the Renewed Motion to Seal. *Id.* at 1 n.1.

The same day, Plaintiff filed the pending Motion Seeking to Withdraw Motion for Summary Judgment Pursuant to Court Order ("Motion to Withdraw"). (ECF No. 73.) Plaintiff states that the Original MSJ "mistakenly included unredacted versions of the five documents which Plaintiff seeks to file under seal" and requests that the Original MSJ (ECF No. 60) "be withdrawn and replaced with" the Corrected MSJ (ECF No. 72). *Id.*

The same day, Plaintiff filed the pending Renewed Motion to File Under Seal ("Renewed Motion to Seal"). (ECF No. 74.) The Renewed Motion to Seal contains the same substantive content as the Original Motion to Seal (ECF No. 61).

## II.    RENEWED MOTION TO SEAL

Plaintiff moves to seal five documents filed in support of its Corrected Motion for Summary Judgment. Four of those documents were designated as confidential by Defendant pursuant to Magistrate Judge Valerie E. Torres's Protective Order (ECF No. 13): (1) text messages between Defendant and another individual (ECF No. 75-1); (2) portions of Defendant's August 22, 2024 deposition transcript (ECF No. 75-2); (3) emails from Defendant to a prospective client (ECF No. 75-3); and (4) a list of Defendant's login credentials (ECF No. 75-5). The fifth document contains screenshots from Labyrinth's FileMaker program that "include detailed proprietary customer information" (ECF No. 75-4). The docket reflects that Defendant has not filed an opposition to the Original Motion to Seal (ECF No. 61) or the Renewed Motion to Seal (ECF No. 74).

### A. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 3(1978)). The Ninth Circuit "'start[s] with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Regarding documents attached to motions for summary judgment, a party "seeking to seal a judicial record [] bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Kamakana*, 447 F.3d at 1178–79 (quotations and citations omitted). The presumed right to access court proceedings and documents can be overcome "only by an overriding right or

interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Oregonian Publishing Co. v. United States Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting *Press-Enterprise Co. v. Superior Ct.*, 446 U.S. 501, 510 (1985)).

"Under the compelling reasons standard, a district court must weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010) (quotations omitted). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1096 (quoting *Nixon*, 435 U.S. at 599). "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Pintos*, 605 F.3d at 659 n.6 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179 (citing *Foltz*, 331 F.3d at 1136).

## B. FileMaker Customer Information

Plaintiff seeks to seal screenshots taken from Labyrinth's password-protected FileMaker program (ECF No. 75-4), which contain compilations of customer information and internal notes. (ECF No. 74-1 at 4.) Plaintiff contends that the screenshots constitute protectable trade secrets and that "disclosure of this information could affect Plaintiff's competitiveness in the marketplace." *Id.*

"[C]ompelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quotations and citations omitted). As discussed in more detail in the Court's Order denying summary judgment on the trade secrets claims, the Court finds that a genuine dispute of material fact exists as to whether the FileMaker

screenshots qualify as protectable trade secrets. (*See* ECF No. 71 at 17–21.) Accordingly, at this stage in the proceedings, the Renewed Motion to Seal (ECF No. 74) is granted with respect to the FileMaker screenshots (ECF No. 75-4). *See Price v. Synapse, Grp., Inc.*, No. 16-cv-1524-BAS-BLM, 2018 WL 9521253, at *3 (S.D. Cal. Oct. 1, 2018) (finding compelling reasons to seal proprietary database information, "which would qualify as trade secret information").

### C. Login Credentials

Plaintiff seeks to seal a document (ECF No. 75-5) containing Defendant's usernames and passwords for the public charitable registration websites in various states. (ECF No. 74-1 at 4–5.) Plaintiff contends that this document contains "highly sensitive personal and security information that, if publicly disclosed, would create serious risks of financial loss or unauthorized access to public accounts." *Id.* at 4. Plaintiff further contends that this information "has no public value in the litigation process." *Id.* The Court finds that preventing the public from accessing Defendant's password-protected, business-related accounts constitutes a compelling reason to seal this document. *See SinglePoint Direct Solar LLC v. Curiel*, No. CV-21-01076-PHX-JAT, 2021 WL 3079860, at *1 (D. Ariz. July 21, 2021) (finding compelling reasons to seal document containing passwords to plaintiffs' online accounts). The Renewed Motion to Seal (ECF No. 74-1) is granted as to the document containing Defendant's login credentials (ECF No. 75-5).

### D. Other Documents

Plaintiff contends that three other documents contain "confidential, non-public information regarding Defendant's business operations and internal decision-making." (ECF No. 74-1 at 3.) These documents include: (1) Defendant's text messages (ECF No. 75-1), (2) portions of her deposition transcript (ECF No. 75-2), and (3) her emails to a prospective client (ECF No. 75-3). (ECF No. 74-1 at 3.) Plaintiff contends that the Court should seal these documents because they reveal business information that "might harm a litigant's competitive standing." *Id.* at 4 (citation omitted).

3:23-cv-02212-WQH-VET

Plaintiff requests sealing on the basis that the documents at issue contain information marked as "confidential" under the terms of the Protective Order issued by Judge Torres (ECF No. 13). (ECF No. 74-1 at 2–3.) The Protective Order permits the parties to designate a broad class of material produced in discovery as "confidential" based on the parties' good faith belief that the material qualifies for protection, but without demonstrating good cause to the Court. The Protective Order further requires any party seeking to file material designated as "confidential" to "seek permission of the Court to file the material under seal" and states that the parties may not file any document under seal, "except pursuant to a court order that authorizes the filing of the document, or portion of the document, under seal." (ECF No. 13 at 5.) The Protective Order provides that "the Court may modify the terms and conditions of this Order." *Id.* at 10.

There is no "categorical rule" that reliance on a protective order in producing material in discovery constitutes a "compelling reason" to justify sealing. *Kamakana*, 447 F.3d at 1183. "[T]he extent to which a party can rely on a protective order depends on the extent to which the order did reasonably induce the party to allow discovery . . . ." *Foltz*, 331 F.3d at 1137. The terms of the Protective Order in this case, stipulated to by the parties, give the parties adequate notice that their unilateral designation of material as "confidential" does not guarantee that the material will be sealed if included in a court filing. *See Kamakana*, 447 F.3d at 1183 (stating that a party "should have been on notice that confidential categorization of discovery documents under the protective order was not a guarantee of confidentiality" because the protective order contemplated that the parties would have to obtain a court order to file documents under seal); *Foltz*, 331 F.3d at 1138 ("Because State Farm obtained the blanket protective order without making a particularized showing of good cause with respect to any individual document, it could not reasonably rely on the order to hold these records under seal forever."). The Court finds that reliance on the Protective Order in this case is not a compelling reason to seal that rebuts the presumption of access.

3:23-cv-02212-WQH-VET

Upon review of these documents, the Court determines that they contain similar information as publicly filed documents in this action that the parties do not seek to seal. Beyond the conclusory statement that the documents at issue contain "confidential, non-public information regarding Defendant's business operations and internal decision-making" (ECF No. 74-1 at 3), Plaintiff does not set forth a compelling reason "supported by specific factual findings" that outweighs the general policy of publicly disclosing documents filed with the Court. *Kamakana*, 447 F.3d at 1178–79. The Renewed Motion to Seal (ECF No. 74-1) is denied as to the following documents: Defendant's text messages (ECF No. 75-1), excerpts from Defendant's deposition transcript (ECF No. 75-2), and Defendant's emails to a prospective client (ECF No. 75-3).

## III.    CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Motion to Withdraw (ECF No. 73) is granted. Plaintiff's Original MSJ (ECF No. 60) shall be withdrawn, in light of the filing of the Corrected MSJ with appropriately redacted exhibits (ECF No. 72).

IT IS FURTHER ORDERED that the Renewed Motion to Seal (ECF No. 74) is granted as to the FileMaker screenshots (ECF No. 75-4) and Defendant's login credentials (ECF No. 75-5) and denied in all other respects.

IT IS FURTHER ORDERED that Plaintiff's Corrected MSJ (ECF No. 72) is partially granted, as set forth in the Court's May 12, 2026 Order (ECF No. 71). The pretrial deadlines set by the Court's May 12, 2026 Order (ECF No. 71) remain in effect.

Dated:  June 3, 2026

Hon. William Q. Hayes
United States District Court

3:23-cv-02212-WQH-VET